UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**JACOB HORN AND ROBERT VETTER**,
individually and on behalf of all others similarly
Situated, as assignees of **ICAN BENEFIT GROUP,**     **JURY TRIAL REQUESTED**
**LLC**, a Florida limited liability company,

      Plaintiffs,

v.

**LIBERTY INSURANCE UNDERWRITERS, INC.,**

      Defendant.
_____/

## COMPLAINT

Plaintiffs Jacob Horn ad Robert Vetter, individually and on behalf of all others similarly situated ("Horn and Vetter"), as assignees of iCan Benefit Group, LLC, a Florida limited liability company (the "Insured" or "iCan"), through their undersigned counsel, sue Defendant Liberty Insurance Underwriters, Inc. ("Liberty"), and state:

1.  This is an action for breach of contract and for declaratory relief brought pursuant to 28 U.S.C. § 2201 et seq. and Federal Rule of Civil Procedure 57.

2.  Through this action, Horn and Vetter seek damages and a determination of the parties' respective rights under a contract of insurance issued to iCan as named insured by Liberty. A certified copy of the policy is attached hereto as **Exhibit A**.

### PARTIES

3.  Jacob Horn is a resident of Berkeley, California.

4.  Robert Vetter is a resident of Lee County, Florida.

5.  iCan is a limited liability company organized and existing under the laws of the State of Florida with headquarters in Palm Beach County, Florida. iCan's sole managing member is a resident of Palm Beach County, Florida.

6. Liberty is a New York corporation with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Liberty because it contracted to provide insurance coverage in Florida for a Florida risk, because Liberty engages in systemic and continuous business activity in the State of Florida, and/or because the acts or omissions described in the Complaint caused injury in Florida.

8. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

9. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Horn's claims occurred in this district.

10. All conditions precedent to the commencement and maintenance of this action have been performed, satisfied, or otherwise discharged or waived.

## FACTUAL BACKGROUND

11. On or about September 13, 2017, Horn filed a class action complaint in the Southern District of Florida, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), which was amended on October 17, 2017, to include Vetter as a Plaintiff, (the "*Horn* Action"). The allegations of the amended complaint are substantially similar to the allegations contained in the initial complaint. A copy of the initial complaint and amended complaint filed in *Horn* Action are attached hereto as composite **Exhibit B**.

12. The underlying *Horn* Action alleges that iCan provides consumers with various choices of health insurance and provides guidance to consumers on which health insurance options to choose.

13. The *Horn* Action further alleges that iCan sent numerous text messages to consumers who had not signed up for iCan's services in an attempt to solicit a response from them and to ultimately increase iCan's revenue by encouraging consumers to purchase its services. Further, the *Horn* Action alleges that iCan conducted a wide-scale marketing campaign that featured the sending of repeated unsolicited text messages to consumers' cellular phones without their consent, in violation of the TCPA.

14. The plaintiffs in the *Horn* Action have demanded damages for, *inter alia,* actual harm in the form of annoyance, nuisance, invasion of privacy, disturbance and loss of use and enjoyment of the their telephones, wear and tear of their telephones' hardware, consumption of the phones' memories, and for statutory damages and attorney's fees.

15. Following the filing of the *Horn* Action, iCan provided Liberty with a copy of the lawsuit and requested a defense and indemnity.

16. However, on November 15, 2017, Liberty denied coverage for the *Horn* Action on the basis of exclusions (1) B.4. for invasion of privacy, (2) B.6 for any actual or alleged price fixing, restrain of trade, monopolization, unfair trade practices, or any violation of the Federal Trade Commission Act, Sherman Anti-Trust Act, Clayton Act, or any similar law, (3) A.6, as amended by Endorsement No. 13 for claims arising out of deliberately fraudulent or criminal acts or omission or any willful violation of law, and (4) A.7 as Amended by Endorsement No. 15 for claims arising out of or attributable to such an insured's gaining in any profit, remuneration, or financial advantage to which the insured was not legally entitled.  A copy of the Declination Letter dated November 15, 2017 is attached hereto as **Exhibit C**.  Liberty also denied coverage for the Amended Complaint advising that the same coverage analysis applied to the allegations of the Amended Complaint.

### Liberty Policy

17.     In effect at all relevant times was a Liberty Private Advantage Policy No. PCCB-00234044-01, issued to iCan as Named Insured, providing Directors, Officers, and Company Liability insurance coverage with effective dates of coverage between June 27, 2017 and June 27, 2018. The Policy carries an aggregate limit of $2 million.

18.     The subject policy contains the following pertinent provisions:

### DIRECTORS, OFFICERS AND COMPANY LIABILITY COVERAGE PART

**I.      INSURING CLAUSES**

. . .

**C.      Company Liability**
The Insurer shall pay on behalf of the Company Loss which the Company becomes legally obligated to pay by reason of any Claim first made against the Company during the Policy Period or the Discovery Period, if exercised, for any Wrongful Acts by the Company taking place prior to the end of the Policy Period.

. . .

**III.    DEFINITIONS**

. . .

**Claim** means:

1. a written demand against any Insured for monetary damages or other relief,
2. a civil proceeding against any Insured commenced by the service of a complaint or similar pleading.

. . .

**Loss** means the amount which the Insureds become legally obligated to pay on account of any Claim made against them for Wrongful Acts for which coverage applies, . . .

. . .

**Wrongful Act** means:

1. any error, misstatement, misleading statement, act, omission, neglect, or breach of duty actually or allegedly committed or

attempted by any of the Insured Persons in their capacity as such, . . .or, with respect to Clause C, by the Company, or

. . .

### IV.   EXCLUSIONS

. . .

B.   The Insurer shall not be liable under Insuring Clause C for Loss on account of any Claim made against the Company: . . .

. . .

4. based upon, arising out of, or attributable to any actual or alleged price fixing, restrain of trade, monopolization, unfair trade practices or any violation of the Federal Trade Commission Act, Sherman Anti-Trust Act, Clayton Act, or any similar law regulating anti-trust, monopoly, price fixing, price discrimination, predatory pricing or restraint of trade activities;

. . .

6. based upon, arising out of, or attributable to any actual or alleged price fixing, restraint of trade, monopolization, unfair trade practices or any violation of the Federal Trade Commission Act, Sherman Anti-Trust Act, Clayton Act, or any similar law regulating anti-trust, monopoly, price fixing, price discrimination, predatory pricing or restraint of trade activities;

19.   The policy contains the following pertinent endorsements:

**ENDORSEMENT 13**
. . .
Section IV Exclusions A.6. is deleted in its entirety and replaced with the following:

Based upon, or arising out of, . . .any deliberately fraudulent or criminal act or omission or any willful violation of law by such insured if a judgment or other final adjudication in the underlying action in such Claim or another proceeding establishes that such act, omission or violation occurred;

. . .

**ENDORSEMENT 15**
. . .
In consideration of the premium charged it is agreed and understood that EXCLUSON A.7 of the DIRECTORS, OFFICERS, AND COMPANY LIABILITY COVERAGE PART is deleted in its entirety and replaced with the following:

       7.  based upon, arising out of, or attributable to such Insured gaining in fact any profit, remuneration or financial advantage to which such Insured was not legally entitled . . . .

### Settlement

20. Liberty's refusal to defend or indemnify iCan left iCan exposed to personal liability in excess of Liberty's policy limits of $2,000,000 from damages claimed by the plaintiffs in the *Horn* Action, costs, interest, and attorney's fees which would be expended in the underlying *Horn* Action.

21. Following Liberty's denial of coverage and refusal to defend iCan in the *Horn* Action, iCan retained counsel and proceeded to defend itself in the *Horn* Action.

22. Horn, Vetter, and iCan proceeded to litigate the *Horn* Action, as required by the *Horn* court's scheduling order. Horn and Vetter and iCan also engaged in settlement negotiations, which ultimately led to a settlement between Horn, Vetter, and iCan.

23. Pursuant to the settlement, Horn and Vetter received an assignment of iCan's rights, title, and interest in the Liberty policy in accordance with established law. The assignment included the right to commence any claim or lawsuit relating to the Liberty policy.

24. On March 2, 2018, the court in the *Horn* Action also entered a consent judgment in the amount of $60,413,112.00 in favor of Horn and Vetter. The Consent Judgment is attached hereto as **Exhibit D**.

25. Horn and Vetter have engaged the undersigned counsel to prosecute this action and are obligated to pay the undersigned counsel reasonable attorney's fees and costs.

### COUNT I – DECLARATORY RELIEF

26. Horn and Vetter adopt and incorporate by reference the allegations contained in Paragraphs 1-25 of this Complaint as if fully set forth herein.

27. This is an action for declaratory relief pursuant to 29 U.S.C. § 2201, et seq.

28.     It is the position of Horn and Vetter that Liberty was responsible under the subject Liberty policy to defend and indemnify iCan in the underlying *Horn* Action.

29.     It is the position of Liberty that no coverage was afforded under the subject Liberty policy for the *Horn* Action.

30.     Horn and Vetter and Liberty have an actual controversy within the jurisdiction of this Court, which involves present, adverse, antagonistic interests in either fact or law.

31.     There is a bona fide, actual, present and practical need for a resolution of the interests of the parties, and a declaration of the respective rights of the parties, such declaration deals with a present, ascertainable state of facts and/or present controversy as to a state of facts. The antagonistic and adverse interests are all before the Court by proper process.

**WHEREFORE**, Plaintiffs Jacob Horn ad Robert Vetter, individually and on behalf of all others similarly situated, as assignees of iCan Benefit Group, LLC, respectfully request the Court to grant relief as follows:

   a. Declare that Liberty is and was obligated to defend and indemnify iCan pursuant to its insurance policy;

   b. Award Horn and Vetter their attorney's fees and costs incurred in the prosecution of this action pursuant to §627.428, Florida Statutes and/or other applicable law;

   c. Award iCan its attorney's fees and costs incurred in defending the underlying *Horn* Action pursuant to §627.428, breach of contract, and Florida Statutes and/or other applicable law; and

   d. Award any other relief deemed just and proper.

## COUNT II – BREACH OF CONTRACT

32.     Horn and Vetter adopt and incorporate by reference the allegations contained in paragraphs 1-25 of the Complaint as if fully set forth herein.

33. Pursuant to the terms and provisions of Liberty's policy, Liberty was required to provide iCan with defense and indemnity in regards to covered claims, which included one or more claims that were asserted against iCan in the *Horn* Action.

34. Liberty breached the terms of its own policy by denying defense and indemnity for the *Horn* Action.

35. As a direct and proximate cause of Liberty's breach, Horn and Vetter, individually and on behalf of all others similarly situated, as assignees of iCan Benefit Group, LLC, have been damaged in an amount in excess of the jurisdictional limits of this Court.

**WHEREFORE**, Plaintiffs Jacob Horn ad Robert Vetter, individually and on behalf of all others similarly situated, as assignees of iCan Benefit Group, LLC, respectfully request the Court to grant relief as follows:

a. Declare that Liberty is and was obligated to defend and indemnify iCan pursuant to its insurance policy;

b. Award Horn and Vetter their attorney's fees and costs incurred in the prosecution of this action pursuant to §627.428, Florida Statutes and/or other applicable law;

c. Award iCan its attorney's fees and costs incurred in defending the underlying *Horn* Action pursuant to §627.428, breach of contract, and Florida Statutes and/or other applicable law;

d. Award any other relief deemed just and proper.

## JURY TRIAL DEMAND

Plaintiffs demands trial by jury of all issues so triable as of right by jury.

Date: June 12, 2018

Respectfully submitted,

| | |
|---|---|
| **HIRALDO P.A.** | **YELENA SHNEYDERMAN, P.A.** |
| | Yelena Shneyderman, Esq. |
| */s/ Manuel S. Hiraldo* | Florida Bar No. 0015718 |
| Manuel S. Hiraldo, Esq. | 3440 Hollywood Blvd. Suite 415 |
| Florida Bar No. 030380 | Hollywood, FL 32301 |
| 401 E. Las Olas Boulevard | Office (305) 760-9510 |
| Suite 1400 | Fax (866) 491-9715 |
| Ft. Lauderdale, Florida 33301 | Primary Email: Yelena@yspalaw.com |
| mhiraldo@hiraldolaw.com | |
| Telephone: 954.400.4713 | *Counsel for Plaintiffs* |
| | |
| *Counsel for Plaintiffs* | |
| | |
| **LAW OFFICES OF STEFAN COLEMAN P.A.** | **IJH LAW** |
| | Ignacio J. Hiraldo |
| Stefan Coleman, Esq. | Florida Bar No. 0056031 |
| Florida Bar No. 00030188 | 14 NE First Ave |
| 201 S. Biscayne Blvd., 28th Floor | 10th Floor |
| Miami, Florida 333131 | Email: ijhiraldo@ijhlaw.com |
| Telephone: (888) 333-9427 | Telephone: 786.351.8709 |
| Facsimile: (888) 498-8946 | |
| | *Counsel for Plaintiffs* |
| *Counsel for Plaintiffs* | |