UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:18-CV-80762-ROSENBERG/REINHART

JACOB HORN, *et al.*,

    Plaintiffs,

v.

LIBERTY INSURANCE UNDERWRITERS,
INC.,

    Defendant.

_____/

### DEFENDANT LIBERTY INSURANCE UNDERWRITERS, INC.'S
### MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF LAW

Liberty Insurance Underwriters, Inc. ("Liberty") hereby moves to dismiss with prejudice Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6). As fully set forth in the attached memorandum of law, Plaintiffs seek insurance coverage for an action based upon alleged invasions of privacy. The insurance policy issued by Liberty excludes such claims from coverage. Accordingly, this action should be dismissed with prejudice in its entirety.

**I.  INTRODUCTION**

Plaintiffs seek insurance coverage as assignees to iCan Benefit Group LLC's ("iCan") rights under an insurance policy issued by Liberty (the "Policy"). As to iCan, the Policy generally provides coverage for Claims made against it during the Policy Period—June 27, 2017 to June 27, 2018—for Wrongful Acts.[1] However, the Policy explicitly excludes coverage for any Claim based upon, arising out of, or attributable to allegations of "invasion of privacy" (the "Invasion of Privacy Exclusion").

---

[1] Initially-capitalized terms not otherwise defined are given their meaning in the Policy.

Here, Plaintiffs seek coverage under the Policy for a class action lawsuit they filed (the "Underlying Action") alleging that iCan sent unwanted text message solicitations to Plaintiffs and other individuals. The Underlying Action stated four causes of action, all for violations of the Telephone Consumer Protection Act ("TCPA").[2]

The Underlying Action falls squarely into the Invasion of Privacy Exclusion for two reasons, either of which independently triggers the exclusion. First, Plaintiffs explicitly and repeatedly alleged that the unwanted text messages constituted an "invasion of privacy." (Underlying Am. Compl., Dkt. 1-4, p. 21, ¶¶ 13, 16, p. 24, ¶ 28, p. 26, ¶ 39). And Plaintiffs have acknowledged the same in this action. (Compl., Dkt. 1, ¶ 14; Default Motion, Dkt. 16, p. 6).

Second, violations of the TCPA inherently constitute invasions of privacy. Plaintiffs acknowledged the same in the Underlying Action, which is consistent with caselaw from the United States Supreme Court, Eleventh Circuit Court of Appeals, Southern District of Florida, and Florida Supreme Court. Thus, as the Ninth Circuit Court of Appeals recently held, "a liability insurance policy that unequivocally and broadly excludes coverage for invasion of privacy claims also excludes coverage for TCPA claims." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 799 (9th Cir. 2017).

For these reasons, as more fully explained below, the Court should dismiss this action with prejudice in its entirety.

## II.   ALLEGED FACTS

### a.   The Policy

---

2   The TCPA is codified at 47 U.S.C. § 227.

Liberty issued the Policy—Liberty Private Advantage Policy No. PCCB-00234044-01—to iCan Holding LLC, iCan's parent company. (Policy, Dkt., 1-3, p. 1). iCan is an insured under the Policy. (*Id.* at 4, § 2.A). The Policy provides coverage for claims made during the Policy Period of June 27, 2017 to June 27, 2018 under two coverage parts—a directors and officers coverage part (the "D&O Part") and an employment practices liability coverage part. (*Id.* at 1-2). Only Insuring Clause C of the D&O Part (entity coverage) is at issue in this case because no directors or officers were named as defendants in the Underlying Action. (*Id.* at 14, § I; Compl., Dkt. 1, ¶ 18). Insuring Clause C covers "**Loss** which the **Company** becomes legally obligated to pay by reason of any **Claim** first made against the **Company** during the **Policy Period** or the **Discovery Period**, if exercised, for any **Wrongful Acts** by the **Company** taking place prior to the end of the **Policy Period**." (Policy, Dkt. 1-3, p. 14, § I.C, bold original).

The Policy includes several exclusions, including the Invasion of Privacy Exclusion, which states:

> The Insurer shall not be liable under Insuring Clause C for **Loss** on account of any **Claim** made against the **Company**[ ] based upon, arising out of, or attributable to any actual or alleged defamation, invasion of privacy, wrongful entry or eviction, false arrest or imprisonment, malicious prosecution, abuse of process, assault, battery or loss of consortium[.]

(*Id.* at p. 20, § IV.B.4, bold original).

### b.     The Underlying Action

Plaintiffs filed the Underlying Action against iCan in the Southern District of Florida on September 13, 2017, captioned *Horn v. iCan Benefit Group LLC*, Case No. 9:17-cv-81027. (Compl., Dkt. 1, ¶ 11). Plaintiffs alleged in the Underlying Action that iCan had a "practice of sending unwanted autodialed text messages to cellular telephones without consent and to those listed on the national do not call registry, as well as sending unwanted text messages to

3

consumers who have opted out." (Underlying Am. Compl., Dkt. 1-4, p. 17). As a result, Plaintiffs alleged that iCan "not only invaded the personal privacy of Plaintiffs and members of the putative Classes, but also intentionally and repeatedly violated the TCPA." (*Id.* at 21, ¶ 13). Plaintiffs further alleged that iCan's conduct caused "aggravation and nuisance and invasions of privacy[.]" (*Id.* at ¶ 16). Plaintiffs repeated their allegation that the conduct constituted an "invasion of privacy" several other times in the Underlying Complaint. (*Id.* at 24, ¶ 28, p. 26, ¶ 39).

Based upon this conduct, the Underlying Action asserted four causes of action for iCan's alleged violation of the TCPA. (Underlying Am. Compl., Dkt. 1-4, pp. 30-36, ¶¶ 49-76). No other causes of action were asserted. (*Id.*). In setting forth the causes of action, Plaintiffs acknowledged that protection of "privacy rights" is the stated purpose of the TCPA:

> 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

(Underlying Am. Compl., Dkt. 1-4, p. 32, ¶ 63).

Ultimately, the parties in the Underlying Action settled by agreeing to enter a consent judgment against iCan for $60,413,112.00 (which iCan would not have to pay). (Compl., Dkt. 1, ¶¶ 22, 24). As part of the settlement, iCan allegedly assigned its rights under the Policy to Plaintiffs. (*Id.* at ¶ 23).

### c. The Coverage Dispute

iCan submitted the Underlying Action to Liberty for coverage under the Policy. (Compl., Dkt. 1, ¶ 15). On November 15, 2017, Liberty issued a letter to iCan denying coverage for the Underlying Action because it was "based upon allegations that [Plaintiffs'] privacy rights were

4

violated by the Insured sending unsolicited text messages[.]" (Liberty 11/15/17 Ltr., Dkt. 1-5, p. 2). Thus, the Underlying Action triggered the Invasion of Privacy Exclusion, which barred coverage. (*Id.*). Liberty also reserved its right to deny coverage on additional grounds. (*Id.* at 2-3).

Pursuant to the alleged assignment of iCan's rights under the Policy, Plaintiffs filed this action on June 12, 2018 seeking (i) a declaration that Liberty owed a duty to defend and indemnify iCan for the Underlying Action, (ii) damages for breach of contract, and (iii) attorney's fees and costs. (Compl., Dkt. 1, ¶¶ 26-35). In doing so, Plaintiffs alleged that the Underlying Action sought "damages for, *inter alia*, actual harm in the form of annoyance, nuisance, invasion of privacy, disturbance, and loss of use and enjoyment of their telephones, wear and tear of their telephones' hardware, consumption of the phones' memories, and for statutory damages and attorney's fees." (*Id.* at ¶ 14).

### III.     MEMORANDUM OF LAW

#### a.     Applicable Standard

A motion to dismiss challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss, the Court must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). "Dismissal, however, is appropriate where 'on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.'" *Casey v. City of Miami Beach*, 789 F. Supp. 2d 1318, 1320 (S.D. Fla. 2011)

(*citing Marshall County Board of Education v. Marshall County Gas District*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

### b. The Invasion of Privacy Exclusion Bars Coverage.

"Under Florida law, a clear and unambiguous policy provision 'should be enforced according to its terms whether it is a basic policy provision or an exclusionary provision.'" *Interline Brands, Inc. v. Chartis Specialty Ins. Co.*, 749 F.3d 962, 965 (11th Cir. 2014) (*quoting Taurus Holdings, Inc. v. U.S. Fidelity and Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005)). On its face, the Invasion of Privacy Exclusion bars coverage to iCan for "**Loss** on account of any **Claim** made against the **Company**[ ] based upon, arising out of, or attributable to any actual or alleged… invasion of privacy[.]" (Policy, Dkt. 1-3, p. 20, § IV.B.4, bold original).

Throughout the Underlying Complaint, Plaintiffs expressly alleged invasion of privacy:

- "Defendant not only *invaded the personal privacy* of Plaintiffs and members of the putative Classes, but also intentionally and repeatedly violated the TCPA." (Underlying Complaint, Dkt. 1-4, p. 21, ¶ 13, emphasis added).

- "Defendant caused Plaintiffs and the other members of the Classes… aggravation and nuisance and *invasions of privacy*[.]" (*Id.* at ¶ 16, emphasis added).

- "By sending unauthorized text messages as alleged herein, iCan caused Plaintiff actual harm in the form of annoyance, nuisance, and *invasion of privacy*." (*Id.* at 24, ¶ 28, emphasis added).

- "By sending unauthorized text messages as alleged herein, iCan caused Plaintiff actual harm in the form of annoyance, nuisance, and *invasion of privacy*." (*Id.* at 26, ¶ 39) (emphasis added).

Thus, Plaintiffs admit that the Underlying Action sought "damages for, *inter alia*, actual harm in the form of… invasion of privacy[.]" (Compl., Dkt. 1, ¶ 14; *see also* Default Motion, Dkt. 16, p. 6 (The Underlying Action was "premised on violations of the TCPA, which caused actual harm to the Plaintiffs' class in the form of aggravation and nuisance and *invasion of privacy*[.]" (emphasis added)).

By themselves, these admissions are sufficient to trigger the Invasion of Privacy Exclusion. But Plaintiffs also acknowledged that the violations of the TCPA inherently constitute invasions of privacy because the TCPA was "promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." (Underlying Am. Compl., Dkt. 1-4, p. 32, ¶ 63). And Plaintiffs' characterization is consistent with the United States Supreme Court, the Eleventh Circuit Court of Appeals, the Southern District of Florida, and the Florida Supreme Court. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 371 (2012) ("In enacting the TCPA, Congress made several findings relevant here. 'Unrestricted telemarketing,' Congress determined, 'can be an intrusive invasion of privacy.'") (*quoting* TCPA, §2, ¶ 5, 105 Stat. 2394, note following 47 U.S.C. §227); *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1117 (11th Cir. 2014) ("In response to evidence that automated or prerecorded calls are a nuisance and an invasion of privacy, Congress passed the Telephone Consumer Protection Act[.]") (internal quotations omitted); *Morsillo v. Progressive Fin. Servs.*, 2018 U.S. Dist. LEXIS 84393, *3 (S.D. Fla. May 21, 2018) ("The purpose of the TCPA was to strike a balance between protecting the privacy of individuals while still permitting legitimate telemarketing practices."); *Penzer v. Transp. Ins. Co.*, 29 So.3d 1000, 1006 (Fla. 2010) ("[I]t is clear that Congress viewed violations of the Act as 'private nuisances' and 'invasions of privacy' under ordinary, lay meanings of these phrases.") (*quoting Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1249 (10th Cir. 2006)). Thus, there is no dispute among the courts or the parties that a violation of the TCPA constitutes an invasion of privacy.

Where an insurance policy excludes coverage for claims based upon invasions of privacy, a claim for violating the TCPA is not covered. In *L.A. Lakers, Inc. v. Fed. Ins. Co.*, an insured sought coverage under a directors and officers policy for a lawsuit that alleged negligent and

willful violations of the TCPA from unsolicited text messages, like Plaintiffs do here. 869 F.3d 795, 799 (9th Cir. 2017). The insurer denied coverage relying on an exclusion for a claim "based upon, arising from, or in consequence of… invasion of privacy[.]" *Id.* at 800. The Ninth Circuit ruled that "a TCPA claim is, by its nature, an invasion of privacy claim. Accordingly, a liability insurance policy that unequivocally and broadly excludes coverage for invasion of privacy claims also excludes coverage for TCPA claims." *Id.* at 799.

Here, not only did Plaintiffs explicitly and repeatedly allege invasions of privacy, but the only claims brought in the Underlying Action—violations of the TCPA—constitute invasions of privacy by definition. Thus, the Underlying Action was explicitly "based upon, arising out of, or attributable to any actual or alleged… invasion of privacy," and the Invasion of Privacy Exclusion bars coverage for the Underlying Action. *L.A. Lakers*, 869 F.3d at 799.

## IV.   CONCLUSION

For the reasons stated above, Liberty respectfully requests that the Court dismiss Plaintiffs' claims against Liberty with prejudice.

Date: August 10, 2018              LYDECKER DIAZ

                                   Counsel for Defendants,
                                   Liberty Insurance Underwriters, Inc.
                                   1221 Brickell Avenue, 19th Floor
                                   Miami, Florida 33131
                                   Tel: (305) 416-3180
                                   Fax: (305) 416-3190


                                   By: *s/ Stephen Hunter Johnson*
                                        STEPHEN HUNTER JOHNSON, ESQ.
                                        Florida Bar No.: 12362
                                        shj@lydeckerdiaz.com

BAILEY CAVALIERI LLC

Counsel for Defendants,
Liberty Insurance Underwriters, Inc.
10 W. Broad St., Suite 2100
Columbus, Ohio 43215
Tel: (614) 229-3256
Fax: (614) 221-0479


By: *s/ James Michael Young*
        JAMES MICHAEL YOUNG, ESQ.
        *Admitted Pro Hac Vice*
        Ohio Bar No. 0086733
        jyoung@baileycav.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record by the Court's CM/ECF system, on this 10th day of August, 2018.


By: *s/ Stephen Hunter Johnson*
        STEPHEN HUNTER JOHNSON, ESQ.
        Florida Bar No.: 12362
        shj@lydeckerdiaz.com