UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-cv-80762-RLR

JACOB HORN AND ROBERT VETTER,
individually and on behalf of all others similarly
Situated, as assignees of iCan BENEFIT GROUP,
LLC, a Florida limited liability company,

    Plaintiffs,
v.

LIBERTY INSURANCE UNDERWRITERS, INC.,

    Defendant.
_____/

## AMENDED COMPLAINT

PLAINTIFFS, JACOB HORN AND ROBERT VETTER, Individually and on behalf of all others similarly situated ("Horn and Vetter"), as assignees of iCan BENEFIT GROUP,LLC, a Florida limited liability company (the "Insured" or "iCAN"), through its undersigned counsel, sue DEFENDANT, LIBERTY INSURANCE UNDERWRITERS, INC. ("Liberty"), and state:

1. This is an action for breach of contract and for declaratory relief brought pursuant to 28 U.S.C. § 2201 et seq. and Federal Rule of Civil Procedure 57.

2. In this Complaint, Horn and Vetter seek damages and a determination of the parties' respective rights under a contract of insurance issued to iCAN as named insured by Liberty. A certified copy of the policy is attached hereto as Exhibit "A."

### PARTIES

3. Jacob Horn is a resident of Berkeley, California.

4. Robert Vetter is a resident of Lee County, Florida.

5. iCAN is a limited liability company organized and existing under the laws of the State of Florida with headquarters in Palm Beach County, Florida. iCAN's sole managing member is a resident of Palm Beach County, Florida.

6. Liberty is a New York corporation with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

7. The Court has personal jurisdiction over Liberty because it contracted to provide insurance coverage in Florida for a Florida risk and Liberty engages in systemic and continuous business activity in the State of Florida, and/or the acts or omissions described in the Complaint caused injury in Florida.

8. The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. 1332(a) because: (a) there is complete diversity of citizenship between the parties and (b) the amount in controversy exceeds $75,000.

9. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Horn's and Vetter's claims occurred in this district.

10. All conditions precedent to the commencement and maintenance of this action have been performed, satisfied, or otherwise discharged or waived.

## FACTUAL BACKGROUND

11. On or about September 13, 2017, Horn filed a Class Action Complaint in the Southern District of Florida, styled *Jacob Horn, et al. v. iCAN Benefit Group, LLC*, Case No. 9:17-cv-81027-RLR, alleging violations of the

Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), which was amended on October 17, 2017, to include Robert Vetter as a Plaintiff, (the "*Horn* Action"). The allegations of the Amended Complaint are substantially similar to the allegations contained in the initial complaint. The initial and amended complaints in the *Horn* Action are attached hereto as composite Exhibit "B".

12. The underlying *Horn* Action alleges that iCAN provides consumers with various choices of health insurance and provides guidance to consumers on which health insurance options to choose.

13. The *Horn* Action further alleges that iCAN sent numerous text messages to consumers who had not signed up for iCAN's services in an attempt to solicit a response from them and to ultimately increase iCAN's revenue by encouraging consumers to purchase its services and that iCAN conducted a wide-scale solicitation campaign that featured the sending of repeated unsolicited text messages to consumers' cellular phones without their consent, in violation of the TCPA.

14. The plaintiffs in the *Horn* Action have demanded damages for *inter alia* actual harm in the form of annoyance, nuisance, invasion of privacy, disturbance and loss of use and enjoyment of their telephones, wear and tear of their telephones' hardware, consumption of the phones' memories, and for statutory damages, and attorney's fees.

15. Following the filing of the *Horn* Action, iCAN provided Liberty with a copy of the lawsuit and requested a defense and indemnity.

16. However, on November 15, 2017, Liberty wrongfully denied coverage for the *Horn* Action on the basis of exclusions (1) B.4. for invasion of privacy, (2) B.6 for any actual or alleged price fixing, restrain of trade, monopolization, unfair trade practices, or any violation of the Federal Trade Commission Act, Sherman Anti-Trust Act, Clayton Act, or any similar law, (3) A.6, as amended by Endorsement No. 13 for claims arising out of deliberately fraudulent or criminal acts or omission or any willful violation of law, and (4) A.7 as Amended by Endorsement No. 15 for claims arising out of or attributable to such an insured's gaining in any profit, remuneration, or financial advantage to which the insured was not legally entitled.  See Declination Letter dated November 15, 2017, attached as Exhibit "C".  Liberty also denied coverage for the Amended Complaint advising that the same coverage analysis applied to the allegations of the Amended Complaint.

**Liberty Policy**

17. In effect at all relevant times was a Liberty Private Advantage Policy No. PCCB-00234044-01, issued to iCAN as Named Insured, providing Directors, Officers, and Company Liability insurance coverage with effective dates of coverage between June 27, 2017 and June 27, 2018.  The Policy carries an aggregate limit of $2 million.

18. The subject policy contains the following pertinent provisions:

**DIRECTORS, OFFICERS AND COMPANY LIABILITY COVERAGE PART**

    **I.**    **INSURING CLAUSES**

. . .

    **C.**    **Company Liability**

The Insurer shall pay on behalf of the Company Loss which the Company becomes legally obligated to pay by reason of any Claim first made against the Company during the Policy Period or the Discovery Period, if exercised, for any Wrongful Acts by the Company taking place prior to the end of the Policy Period.

. . .

**III.**    **DEFINITIONS**

. . .

**Claim** means:

1. a written demand against any Insured for monetary damages or other relief,
2. a civil proceeding against any Insured commenced by the service of a complaint or similar pleading.

. . .

**Loss** means the amount which the Insureds become legally obligated to pay on account of any Claim made against them for Wrongful Acts for which coverage applies, . . .

. . .

**Wrongful Act** means:

1. any error, misstatement, misleading statement, act, omission, neglect, or breach of duty actually or allegedly committed or attempted by any of the Insured Persons in their capacity as such, . . .or, with respect to Clause C, by the Company, or

. . .

**IV.**    **EXCLUSIONS**

. . .

    B.    The Insurer shall not be liable under Insuring Clause C for Loss on account of any Claim made against the Company: . . .

. . .

4. based upon, arising out of, or attributable to any actual or alleged defamation, invasion of privacy, wrongful entry and eviction, false arrest or imprisonment, malicious prosecution, abuse of process, assault, battery or loss of consortium;

. . .

      6. based upon, arising out of, or attributable to any actual or alleged price fixing, restraint of trade, monopolization, unfair trade practices or any violation of the Federal Trade Commission Act, Sherman Anti-Trust Act, Clayton Act, or any similar law regulating anti-trust, monopoly, price fixing, price discrimination, predatory pricing or restraint of trade activities;

The policy contains the following pertinent endorsements:

### ENDORSEMENT 13
. . .
Section IV Exclusions A.6. is deleted in its entirety and replaced with the following:

Based upon, or arising out of, . . .any deliberately fraudulent or criminal act or omission or any willful violation of law by such insured if a judgment or other final adjudication in the underlying action in such Claim or another proceeding establishes that such act, omission or violation occurred;

. . .
### ENDORSEMENT 15
. . .
In consideration of the premium charged it is agreed and understood that EXCLUSON A.7 of the DIRECTORS, OFFICERS, AND COMPANY LIABILITY COVERAGE PART is deleted in its entirety and replaced with the following:

7. based upon, arising out of, or attributable to such Insured gaining in fact any profit, remuneration or financial advantage to which such Insured was not legally entitled . . . .

### Settlement

19. Liberty's refusal to defend or indemnify iCAN left iCAN exposed to personal liability in excess of Liberty's policy limits of $2,000,000 from damages claimed by the plaintiffs in the *Horn* Action, costs, interest, and attorney's fees which would be expended in the underlying *Horn* Action.

20. Following Liberty's wrongful denial of coverage and refusal to defend iCan in the *Horn* Action, iCAN retained counsel and proceeded to defend itself in the *Horn* Action.

21. Horn and Vetter and iCAN proceeded to litigate the *Horn* Action, as required by the Court's scheduling order. Horn and Vetter and iCAN also engaged in settlement negotiations, which ultimately led to a settlement between Horn and Vetter and iCAN.

22. Pursuant to the settlement, Horn and Vetter received an assignment of iCAN's rights, title, and interest in the Liberty policy in accordance with established law. The assignment included the right to commence any claim or lawsuit relating to the Liberty policy.

23. On March 2, 2018, the Court in the *Horn* Action also entered a consent judgment for $60,413,112.00 in favor of Horn and Vetter. The Consent Judgment is attached hereto as Exhibit "D".

24. On June 13, 2018, the Court in the Horn Action entered an Order Granting Final Approval to Class Action Settlement.

25. In the Order Granting Final Approval to Class Action Settlement, the Court found that:

   a. Plaintiffs and iCan have identified an estimated 2,517,213 unique telephone numbers who were sent violative text messages.

   b. Liberty issued an insurance policy for the policy period of June 27, 2017 through June 27, 2018, which provided liability limits of $2 million and which covered the claims contained in the Horn Action.

   c. iCan tendered the Horn Action to Liberty seeking coverage under the subject policy and Liberty denied the claim.

   d. iCan was without the financial means to satisfy such a judgment or to fund a reasonable class-wide settlement.

    e. Pursuant to the Settlement Agreement, iCan assigned its rights under the subject policy to the class members.

    f. On Mach 5, 2018, the Court entered a Final Consent Judgment against iCan in the amount of $60,413,112.00.

26. The Court in the *Horn* Action further found that the Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed about the underlying litigation and of the strengths and weaknesses of their positions and the Settlement Agreement was reached after the parties had engaged in extensive settlement discussions and after the exchange of information about the size and scope of the Settlement Class.

27. The Settlement Agreement in the *Horn* Action established a Consent Judgment in the amount of $60,413,112.00, which was approved by the Court on March 5, 2018, with iCan assigning its rights against Liberty to Horn and Vetter.

28. The amount of the Consent Judgment was reasonable and it was made in good faith.

29. Horn and Vetter have engaged the undersigned counsel to prosecute this action and are obligated to pay the undersigned counsel reasonable attorney's fees and costs.

## COUNT I DECLARATORY RELIEF

30. Horn and Vetter adopt and incorporate by reference the allegations contained in Paragraphs 1-29 of this Complaint as if fully set forth herein.

31. This is an action for declaratory relief pursuant to 29 U.S.C. § 2201, et seq.

32. It is the position of Horn and Vetter that Liberty was responsible under the subject Liberty policy to defend and indemnify iCAN in the underlying *Horn* Action and that none of the exclusions relied on by Liberty apply to the allegations of the *Horn* Action.

33. It is the position of Liberty that no coverage was afforded under the subject Liberty policy for the *Horn* Action.

34. Horn and Vetter and Liberty have an actual controversy within the jurisdiction of this Court, which involves present, adverse, antagonistic interests in either fact or law.

35. There is a bona fide, actual, present and practical need for a resolution of the interests of the parties, and a declaration of the respective rights of the parties, such declaration deals with a present, ascertainable state of facts and/or present controversy as to a state of facts; and the antagonistic and adverse interests are all before the Court by proper process.

WHEREFORE, JACOB HORN AND ROBERT VETTER, Individually and on behalf of all others similarly situated, as assignees of iCan BENEFIT GROUP,LLC, a Florida limited liability company, respectfully request the Court to grant relief as follows:

(a) declare that Liberty is and was obligated to defend and indemnify iCAN pursuant to its insurance policy;

(b) declare that the Liberty policy affords coverage for the underlying *Horn* Action.

(c) award Horn and Vetter their attorney's fees and costs incurred in the prosecution of this action pursuant to §§627.428, §57.104, §57.041, Florida Statutes and/or other applicable law;

(d) find Liberty liable for any amounts iCAN is obligated to pay as a result of the *Horn* Action, including payments of attorney's fees and costs incurred in defending the underlying *Horn* Action;

(e) Award any other relief deemed just and proper, including attorney's fees, costs, expenses, and interest at the statutory rate.

## COUNT II BREACH OF CONTRACT

36. Horn adopts and incorporates by reference the allegations contained in paragraphs 1-29 of the Complaint as if fully set forth herein.

37. Pursuant to the terms and provisions of Liberty's policy, Liberty was required to provide iCAN with defense and indemnity in regards to covered claims and damages, which included one or more claims and damages that were asserted against iCAN in the *Horn* Action.

38. Liberty breached the terms of its own policy by denying defense and indemnity for the *Horn* Action.

39. As a direct and proximate cause of Liberty's breach, JACOB HORN AND ROBERT VETTER, individually and on behalf of all others similarly situated, as assignees of iCan BENEFIT GROUP,LLC, a Florida limited liability company, have been damaged in an amount in excess of the jurisdictional limits of this Court.

WHEREFORE, JACOB HORN AND ROBERT VETTER, Individually and on behalf of all others similarly situated, as assignees of iCan BENEFIT GROUP,LLC, a Florida limited liability company respectfully request the Court to grant relief as follows:

(a) award damages in excess of the jurisdictional limits of this Court for the insurance coverage due and owing under the Liberty policy.

(b) award Horn and Vetter attorney's fees and costs incurred in the prosecution of this action pursuant to §§627.428, §57.104, §57.041 Florida Statutes and/or other applicable law;

(c) award iCAN its attorney's fees and costs incurred in defending the underlying *Horn* Action;

(d) award interest at the statutory rate; and

(e) Award any other relief deemed just and proper, including attorney's fees, costs, expenses, and interest at the statutory rate.

**JURY TRIAL DEMAND**
Plaintiff demands trial by jury of all issues so triable as of right by jury.

Dated this 30th of October, 2018.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

>By /s/Yelena Shneyderman
>YELENA SHNEYDERMAN, ESQ.
>Florida Bar No. 0015718
>YELENA SHNEYDERMAN, P.A.

              3440 Hollywood Blvd. Suite 415
              Hollywood, FL 32301
              Office (305) 760-9510
              Fax (866) 491-9715
              Primary Email: Yelena@yspalaw.com

              Counsel for Plaintiffs